IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

RICHARD DWAYNE BALL, AS
ADMINISTRATOR OF THE ESTATE OF
JACOB DWAYNE BALL, DECEASED,

                      Plaintiff,      Civil Action No. 3:14-cv-13369

v.

CSX TRANSPORTATION, INC., CITY
OF HURRICANE, AND THE PUTNAM
COUNTY BOARD OF EDUCATION,

                      Defendants.

## NOTICE OF REMOVAL

Defendant CSX Transportation, Inc. ("CSXT"), respectfully notifies this Court that, pursuant to 28 U.S.C. §§ 1332 and 1441(b), it has this day removed the civil action captioned as *Richard Dwayne Ball, as Administrator of the Estate of Jacob Dwayne Ball, deceased v. CSX Transportation, Inc., City of Hurricane, Putnam County Board of Education,* Case No. 14-C-23, from the Circuit Court of Putnam County, West Virginia, to the United States District Court for the Southern District of West Virginia at Huntington. In support of its Notice of Removal, CSXT states as follows:

### PRELIMINARY STATEMENT

1. On January 29, 2014, Plaintiff Richard Dwayne Ball, on behalf of his decedent, Jacob Dwayne Ball, filed a Complaint in the Circuit Court of Putnam County, West Virginia, asserting claims against CSXT, the City of Hurricane ("City"), and the Putnam County School Board ("School Board"). *See* Compl., attached hereto as Ex. A. The Plaintiff provided for service of the

Complaint on CSXT through the Secretary of State on February 28, 2014 and it was received by CSXT's agent on March 3, 2014.

2. The Plaintiff's Complaint alleges CSXT was negligent and breached duties owed to the decedent, Jacob Dwayne Ball. CSXT denies all allegations within the Complaint.

3. This Notice of Removal is being filed within thirty days after the receipt of a copy of the Complaint by CSXT, and accordingly removal is timely under 28 U.S.C. § 1446(b). Per 28 U.S.C. § 1446(a), all copies of process, pleadings, and orders served upon CSXT are included in this Notice. *See* Ex. B. As mandated by Local Rule of Civil Procedure 3.4, the state court docket sheet is attached. *See* Ex. C.

4. The state court action is removable to this Court pursuant to 28 U.S.C. §1441(b) and 1446(a), because the United States District Court for the Southern District of West Virginia embraces the location where the state court action is pending.

5. As required under 28 U.S.C. § 1446(d), CSXT has contemporaneously provided written notice to all other parties of the removal and filed a copy of this Notice of Removal with the clerk of the Circuit Court of Putnam County, West Virginia.

## GROUNDS FOR REMOVAL

6. The state court action in the Circuit Court of Putnam County, West Virginia is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and may be removed to this Court under 28 U.S.C. § 1441(b).

7. Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." This action satisfies both statutory requirements.

8. Plaintiff and Plaintiff's decedent were both citizens of West Virginia at the time of decedent's death, whereas CSXT has its principal place of business in a state other than West Virginia, and was incorporated in a state other than West Virginia. The City and School Board are non-diverse co-defendants.

9. Ordinarily, the presence of a defendant with the same citizenship of plaintiff will not permit removal. However, under the fraudulent joinder doctrine, a federal court may assume jurisdiction of a case that on its face lacks diversity, where the plaintiff cannot assert a viable cause of action against the non-diverse defendants.

10. The City and the School Board were fraudulently joined in this case because there is no viable cause of action against the City or School Board. Specifically, neither the City nor the School Board owed or violated a duty to Plaintiff's decedent. Further, the City and the School Board are both political subdivisions which are entitled to sovereign immunity from Plaintiff's claims pursuant to West Virginia Code § 29-12A-1, *et seq.*

11. Sovereign "[i]mmunities under West Virginia law are more than a defense to a suit in that they grant governmental bodies and public officials the right not to be subject to the burden of trial at all. The very heart of the immunity defense is that it spares the defendant from having to go forward with an inquiry into the merits of the case." *Hutchinson v. City of Huntington*, 198 W.Va. 139, 148 (1996). The City and the School Board's statutory immunity precludes Plaintiff's claims against them.

12. The City and School Board owed no duty to Plaintiff's decedent and violated no duty as alleged in the Complaint. Thus, there being "no possibility that the plaintiff would be able to establish a cause of action against the in-state defendants in state court," the citizenship of the

3

non-diverse co-defendants is to be disregarded for purposes of removal as they were fraudulently joined. *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999).

13. Because the City and School Board have been fraudulently joined, their consent is not required in the removal of this action.

14. Therefore, as CSXT and Plaintiff are citizens of different States, the requisite diversity element is present and removal permitted.

15. Although West Virginia Code § 55-7-25 prohibits inclusion of a specific sum certain demand in the ad damnum clause of a complaint, it is clear that the amount in controversy exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand Dollars ($75,000). Specifically, the lost income of the decedent, a 16 year old young man, is a potential element of damages recoverable in this wrongful death action. That element of asserted damages, by itself, would certainly meet the threshold of $75,000 in controversy.

16. Plaintiff also requests punitive damages on a myriad of civil claims alleged against Defendants. Ex. A at "wherefore" clause, *and see generally Hutchens v. Progressive Paloverde Ins. Co.*, 211 F.Supp.2d 788, 790-91 (S.D. W.Va. 2002) (finding punitive damages may be considered in determining amount in controversy unless it can be said to legal certainty damages not recoverable).

17. The amount in controversy is met and the parties are completely diverse; thus this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(b).

## CONCLUSION

18. For all the foregoing reasons, removal of this case to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(b).

**WHEREFORE**, Defendant CSX Transportation, Inc., pursuant to 28 U.S.C. §§ 1332 and 1441(b) and in conformance with the requirements set forth in 28 U.S.C. § 1446 and the Local Rules of the United States District Court for the Southern District of West Virginia, removes the state court action from the Circuit Court of Putnam County, West Virginia to this Court.

Dated: March 27, 2014

**CSX TRANSPORTATION, INC.**

_____/s/ Robert L. Massie_____
Robert L. Massie, Esquire (WVSBN 5743)
Kelly Calder Mowen, Esquire (WVSBN 12220)
Nelson Mullins Riley & Scarborough LLP
949 3rd Avenue, Suite 200
Huntington, WV 25719
Phone: (304) 526-3500
Fax: (304) 526-3599

**COUNSEL FOR DEFENDANT,
CSX TRANSPORTATION, INC.**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

RICHARD DWAYNE BALL, AS
ADMINISTRATOR OF THE ESTATE OF
JACOB DWAYNE BALL, DECEASED,

                Plaintiff,     Civil Action No.

v.

CSX TRANSPORTATION, INC., CITY
OF HURRICANE, AND THE PUTNAM
COUNTY BOARD OF EDUCATION,

                Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2014, I electronically filed the foregoing *"Notice of Removal"* with the court through the CM/ECF system which will send electronic notification of such filing to the following participants and I hereby certify that I mailed, by U.S. postal service, the document to the following non-CM/ECF participants:

Ronnie Matthews, Clerk
Putnam County Circuit Court
Putnam County Judicial Building
3389 Winfield Road
Winfield, WV 25213

Guy R. Bucci, Esquire
D. Blake Carter, Jr., Esquire
BUCCI, BAILEY & JAVICSX, L.C.
P.O. Box 3712
Charleston, WV 25337
*Counsel for Plaintiff*

Johnnie E. Brown, Esquire
S. Andrew Stonestreet
PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
***Counsel for Defendant, City of Hurricane***

Duane Ruggier, Esquire
PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
***Counsel for Defendant, Putnam County Board of Education***

/s/ Robert L. Massie