# EXHIBIT A



**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

March 3, 2014

CSX Transportation, Inc.
Jennifer A.  Wiggins  Litigation Paralegal
CSX Corporation
500 Water Street, C160
JACKSONVILLE  FL  32202

# SERVICE OF PROCESS NOTICE

The following is a summary of the enclosed legal document(s) that we received.

**Note:  Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.**

**Item:** 2014-484

| | | |
|---|---|---|
| 1. | **Client Entity:** | CSX Transportation, Inc. |
| 2. | **Title of Action:** | Richard Dwayne Ball, as administrator of the Estate of Jacob Dwayne Ball vs. CSX Transportation, Inc., et al. |
| 3. | **Document(s) Served:** | Summons<br>Complaint |
| 4. | **Court/Agency:** | Putnam County Circuit Court |
| 5. | **State Served:** | West Virginia |
| 6. | **Case Number:** | 14-C-23 |
| 7. | **Case Type:** | Negligence |
| 8. | **Method of Service:** | Certified Mail |
| 9. | **Date Received:** | Friday  2/28/2014 |
| 10. | **Date to Client:** | Monday  3/03/2014 |
| 11. **# Days When Answer Due:** 30 | **CAUTION:** Client is solely responsible for reviewing service of process to verify accuracy of Answer Due Date. | |
| **Answer Due Date:** 03/30/14 | | |
| 12. **SOP Sender:**<br>(Name, City and Phone Number) | Guy R. Bucci, Esq.<br>Charleston, WV<br>(304) 345-0346 | |
| 13. | **Shipped to Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Notes:** | Please note there are other Due Dates listed in the document. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL  33410   Tel: (561) 694-8107   Fax: (561) 694-1639
www.CorporateCreations.com

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**USPS CERTIFIED MAIL™**



9214 8901 1251 3410 0000 1878 41

**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
Phone:  304-558-6000
866-767-8683
**Visit us online:**
www.wvsos.com

CSX Transportation, Inc.
Corporate Creations Network Inc.
5400D BIG TYLER RD
CHARLESTON, WV 25313-1103

| | |
|---|---|
| **Control Number:** 16305 | **Agent:** Corporate Creations Network Inc. |
| **Defendant:** CSX Transportation, Inc. | **County:** Putnam |
| 5400D BIG TYLER RD | **Civil Action:** 14-C-23 |
| CHARLESTON, WV 25313-1103 US | **Certified Number:** 92148901125134100000187841 |
| | **Service Date:** 2/26/2014 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact.  Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

Natalie E. Tennant
Secretary of State

# SUMMONS

## IN THE CIRCUIT COURT OF PUTNAM COUNTY, WEST VIRGINIA

RICHARD DWAYNE BALL, as
Administrator of the Estate of
JACOB DWAYNE BALL, deceased,

       Plaintiff,

v.                           CIVIL ACTION No. 14-C- 83

CSX TRANSPORTATION, INC.,
a foreign corporation,
CITY OF HURRICANE,
a municipality,
PUTNAM COUNTY BOARD OF EDUCATION,
a political subdivision,

To the above-named Defendant:    **CSX TRANSPORTATION, INC.**
                                         **a foreign corporation**
                                         **Corporate Creations Network, Inc.**
                                       **540 -D Big Tyler Rd.**
                                       **Charleston, WV 25313**

      IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon BUCCI BAILEY & JAVINS, L. C., plaintiff's attorney, whose address is Post Office Box 3712, Charleston, West Virginia, 25337, an answer or response, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.  You are required to serve your answer or response within **thirty (30)** days and your responses to discovery within **forty-five (45)** days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: ___1.29.14___

                                        Clerk of the Court

## IN THE CIRCUIT COURT OF PUTNAM COUNTY, WEST VIRGINIA

RICHARD DWAYNE BALL, as
Administrator of the Estate of
JACOB DWAYNE BALL, deceased,

      Plaintiff,

v.                        CIVIL ACTION No. 14-C-23

CSX TRANSPORTATION, INC.,
a foreign corporation,
CITY OF HURRICANE,
a West Virginia political subdivision,
PUTNAM COUNTY BOARD OF EDUCATION,
a West Virginia political subdivision,

      Defendants.

## COMPLAINT

Comes now Plaintiff, Richard Dwayne Ball, by his counsel, Guy R. Bucci, and D. Blake

Carter, Jr., of Bucci, Bailey & Javins, LC, and for his cause of action against Defendants, states

and alleges as follows:

### PARTIES & JURISDICTION

1.     The Plaintiff Richard Dwayne Ball, ("Richard Ball") is the Administrator of the

Estate of Jacob Dwayne Ball, ("Jacob Ball") and is a resident and citizen of Hurricane, Putman

County, West Virginia. Richard Ball was duly appointed as the Administrator of the Estate of

Jacob Ball on January 27, 2014, by the Clerk of the County Commission of Putnam County,

West Virginia.  See Letter of Administration attached hereto as "Exhibit A".

2.     The Defendant CSX Transportation, Inc., ("CSX") is a for-profit Virginia

corporation, doing its usual and customary business in the state of West Virginia, with its

principal place of business located in Jacksonville, Florida.

3.  The Defendant City of Hurricane is a political subdivision as defined by W. Va. Code §29-12A-1et seq.

4.  The Defendant Putnam County Board of Education is a political subdivision as set forth in W. Va. Code §29-12A-1et seq., established by the West Virginia legislature to supervise and control and provide for the safety of all school students in Putnam County including their travel to and from school.

5.  Jurisdiction and venue are proper in Putnam County, West Virginia, pursuant to West Virginia Code § 56-1-1 and §29-12A-13.

## FACTS

6.  At the time of his death on January 31, 2012, Jacob Ball was sixteen years old, and was walking in the area of the Defendant CSX's railroad tracks, located in the City of Hurricane, Putnam County, West Virginia, on his way home from Hurricane High School.

7.  Jacob Ball is survived by his mother, his father, and his half-sister.

8.  As a result of the tortuous conduct of the Defendants and as alleged _infra_, Jacob Ball suffered physical pain, emotional distress and mental anguish and suffering before dying as a result of his injuries.

9.  On and prior to January 31, 2012, Defendant CSX, by and through its railroad interests, dispatched trains running into Putnam County, West Virginia, on a daily basis and, thus, conducts business in Putnam County, West Virginia.

10.  On or about January 31, 2012, Plaintiff's decedent was walking near Hurricane High School and in proximity of railroad tracks which was the usual, regular and customary path of travel for Plaintiff's decedent and other Hurricane High School students and members of the general public. As Plaintiff's decedent was so walking, he was struck from behind by a CSX

train which he could not hear, because as is customary for school students of this age, he was wearing headphones.

11.     The fatal collision occurred on railroad tracks and the track right-of-way owned and maintained by Defendant CSX located near Rt. 34 West, immediately adjacent to Hurricane High School, Putnam County, West Virginia.

12.     At all times relevant, the track, crossing and walkway area adjacent to the tracks were known to Defendants to permit access to students/pedestrians, including Jacob Ball to walk, adjacent to the train and in the zone of danger created by fast moving trains because it represented the direct route to walk to certain neighborhoods within the City of Hurricane. Despite the nuisance created by this area of track, there were not adequate warnings or barriers present to deter students/pedestrians from walking along the tracks, which upon information and belief, was a practice known by the Defendants.

13.     At all times relevant, the engineer and conductor of said train operated the train for Defendant, CSX.  At all times and places relevant, the engineer and conductor of said train were agents and employees of Defendant, CSX, and operated the train in the scope and course of their employment with Defendant.

14.     At all times relevant, the subject walking area was rendered abnormally and unusually dangerous, and as such a nuisance to the public, by a combination of factors, including but not limited to: (A) high traffic volumes; (B) use by school children; (C) fast moving train movements with school children walking; and (D) limited sight distances.

15.     At all times and places relevant, Defendant, CSX owed a general duty to

operate the train in a safe, reasonable and proper manner and to keep the area adjacent to the railroad tracks safe for the public walkway adjacent there, which includes, but is not limited to:

      A.      keeping a careful lookout;

      B.      operating the train at a speed safe for then-existing local conditions;

      C.      slowing or decelerating for a known specific local hazard;

      D.      posting adequate warnings; and

      E.      sounding an adequate warning of the train's approach to crossings.

      16.      At all times and places relevant, Defendant, CSX owed a duty to maintain adequate warning devices at the walkway for school students and others in the area of the tracks of the approach of their trains.

      17.      At all times and places relevant, Defendant, CSX was subject to and had a duty to follow the applicable Manual on Uniform Traffic Control Devices (MUTCD) (incorporated by reference as if fully set for herein) and adopted by the State of West Virginia West Virginia Code §17C-3-1 et. seq., for streets, highways and railroad grades and crossings, including this crossing.

      18.      At all times and places relevant, Defendant, CSX owed a duty to maintain adequate, satisfactory and safe sight distances for pedestrians walking on the area near the its trains in that:

      A.      Defendant, CSX, despite knowing or having reason to know of the conditions rendering the crossing abnormally or unusually dangerous, failed to use ordinary care to give a warning reasonably sufficient to permit the students who are the at the crossing with reasonable safety;

4

B.     Defendant, CSX, despite knowing or having reason to know of the conditions rendering the walkway abnormally or unusually dangerous, failed to maintain warning devices adequate to meet the safety needs of the public traveling on the walkway, particularly in the direction Jacob Ball was traveling;

C.     Defendant, CSX, failed to emit the required audible warning signal (horn, whistle, or bell) as required by applicable law and regulations for the requisite distance and time in advance of the engine of the train at the walkway and nearby crossing, thereby negligently failing to give the requisite audible warning of the approach of the train, in violation of West Virginia Code §31-2-8;

D.     Defendant, CSX, failed to maintain and sound a horn warning of the approach of the train which adequately warned Jacob Ball of the train's approach in enough time for him to take effective action to avoid the collision;

E.     Defendant, CSX's corporate management decisions established a corporate policy by which Defendant, CSX, failed to acknowledge its common law duties to evaluate and recognize dangerous railroad crossings and walkways which are a hazard and to take actions to reduce or eliminate the dangers to school children caused by Defendant CSX's trains passing through these dangerous school walking area;

F.     Inadequate signage and markings, a history of prior dangerous near-misses/hits and/or improper maintenance combined to render the crossing in question as ultra hazardous;

G.     Defendant, CSX knew, or should have known, the ultra-hazardous nature of this crossing, and the nuisance in the walking area, but elected not to take any action to lessen the danger to the public;

5

H. The warning devices maintained by Defendant, CSX at the crossing and walkway were not adequate to address the safety needs of the public in the crossing and walkway given the specific, individual hazardous conditions which were known or should have been known to Defendant CSX;

I. Defendant CSX knew, or should have known, the ultra-hazardous nature of this crossing. Defendant CSX failed to provide the local road authority and further failed to provide information to the local road authority necessary to lessen the risk of the public in the crossway and walkway;

J. Defendant CSX has elected to totally ignore its joint obligations concerning this crossing;

K. Defendant CSX failed to exercise due care to decelerate or slacken the speed of the train in response to the specific individual hazards and/or dangerous conditions, which were known or should have been known to have existed at the crossing and walkway area at the time of the collision;

L. Defendant CSX failed to remedy the specific individual hazards and or dangerous conditions and nuisance which were present at the crossing at the time of the collision, despite knowing, or having reason to know, of said conditions;

M. Defendant CSX failed to request the issuance of a slow order and/or speed restriction for train operation across the crossing and walkway area until the conditions were remedied; and

N. Defendant CSX failed to cease or significantly slow train operation until the unsafe conditions were remedied.

19.     The Defendants City of Hurricane and Putnam County Board of Education each owed a duty to those in the area of the CSX railroad tracks, crossing and the adjacent area used as a regular pedestrian walkway by the public in general and school children, in particular, to provide for safe access and safe travel in that area, and without nuisance in that path adjacent to the railroad tracks,  as a necessary and reasonable route to housing areas was unsafe and located near the Hurricane High School, and school children using the walkway.

20.     The train track crossing and point of entry utilized by students/pedestrians was located on a public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions, and despite this, the Defendants took no action to correct or otherwise warn of the hazard and nuisance presented by this area.

21.     Despite being aware that Jacob Ball and others would access the tacks via a public way and walk along said train tracks at various times, including but not limited to traveling home from school, Defendants City of Hurricane and Putnam County Board of Education took no action to protect or otherwise warn students of the dangers and risks proximated in this area.

22.     That Defendants violated their duty in that they knew or should have known of the danger and the hazard to the public in general and school children in particular who used the walkway area adjacent to the CSX railroad tracks because it was the reasonable and necessary way of foot travel, such that it constituted a  public nuisance and hazard.  As such, Defendants were negligent in the performance of their duties.

23.     That Defendant City of Hurricane was negligent in its failure to keep the public grounds and walkway adjacent to the CSX railroad tracks which were used by the public in general and by Plaintiff's decedent free from nuisance of dangers and use of fast moving trains.

7

24.     Defendant Putnam County Board of Education was negligent on and through its employees within the scope of their duties, failed to warn and prohibit Plaintiff's decedent from being exposed to this hazard and appreciated by the Defendant.

25.     As a direct and proximate result of the acts and omissions of Defendants, Plaintiff's decedent suffered physical pain, emotional distress and mental anguish and suffering before dying as a result of his injuries and the Estate of Jacob Ball suffered losses as set forth in West Virginia Code § 55-7-8.

## DAMAGES

26.     The acts and omissions of Defendants described above and incorporated *in haec verba* also entitle Plaintiff to an award of compensatory damages.

27.     As the direct and proximate result of the actions and conduct of the Defendants described herein from the collision, Jacob Ball endured great anguish and pain as he was dying from his injuries and for damages compensable and permitted by virtue of West Virginia Code §55-7-8(a) and which damages expressly survive herein.

28.     That as a direct and proximate consequence of the actions and conduct of Defendants as described herein, the distributees and Estate of Jacob Ball established pursuant to West Virginia Code §55-7-6 are entitled to damages for the following for his wrongful death:

> a)     sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the decedent Jacob Ball;

8

b)      compensation for reasonably expected loss of (i)income of the decedent Jacob Ball, and (ii) services, protection, care and assistance provided to him; and

c)      expenses for the care, treatment and hospitalization of the decedent incident to the injury resulting in his death;

WHEREFORE, in addition to the injunctive relief demanded herein, Plaintiff demands judgment, jointly and severally, against the defendants as follows:

1.      Compensatory and punitive damages allowed under the law for the physical pain, emotional distress and mental anguish and suffering of Plaintiff's decedent before dying as a result of his injuries;

2.      Compensatory damages allowed under the law for the wrongful death of Plaintiff's decedent and set forth under West Virginia's Wrongful Death Act;

3.      Costs and attorney fees expended in prosecution of this matter;

4.      Pre-judgment and post-judgment interest on any award as provided under the law; and,

5.      Any other relief to which the Court deems plaintiffs are entitled.

PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY.

RICHARD DWAYNE BALL, as
Administrator of the Estate of
JACOB DWAYNE BALL, deceased.
By Counsel

9

Guy R. Bucci, Esquire (WVSB No. 527)
D. Blake Carter, Jr., Esquire (WVSB No. 9970)
BUCCI, BAILEY & JAVICSX, L.C.
P. O. Box 3712
Charleston, WV 25337
(304) 345-0346