IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RICHARD DWAYNE BALL, as
Administrator of the Estate of
JACOB DWAYNE BALL, deceased,

        Plaintiff,

v.                                         CIVIL ACTION NO. 3:14-13369

CSX TRANSPORTATION, INC.,
a foreign corporation,
CITY OF HURRICANE
a West Virginia political subdivision,
PUTNAM COUNTY BOARD OF EDUCATION,
a West Virginia political subdivision,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Remand (ECF No. 6), Defendant Putnam County Board of Education's Motion to Dismiss (ECF No. 8), and Plaintiff's Motion to Stay (ECF No. 10). For the reasons explained below, the Motion to Stay is **GRANTED** and the Motion to Remand is **GRANTED**. This case is hereby **REMANDED** to state court. In accordance with 28 U.S.C. § 1447(c), this Court **ORDERS** Plaintiff to submit within fourteen (14) days of the entry of this Memorandum Opinion and Order an affidavit specifying costs and expenses incurred as a result of the removal. Defendant CSX, as the party that removed this case, will then have seven (7) days in which to file a response.

**I.    Background**

This case stems from the tragic death of Jacob Dwayne Ball, a sixteen year-old student at Hurricane High School. On January 31, 2012, Mr. Ball was walking along railroad tracks shortly after school hours, wearing headphones as he walked. He was struck from behind by a train, resulting in his death. Plaintiff Richard Dwayne Ball, acting as administrator of the estate of Mr. Ball, filed the instant Complaint in the Circuit Court of Putnam County, West Virginia, against CSX Transportation, Inc. ("CSX")—which owns and operates the train that collided with Mr. Ball and the tracks on which that train traveled—, the City of Hurricane, and the Putnam County Board of Education. Compl., ECF No. 1-1 at 5-14. The Complaint alleges that these Defendants breached duties owed to Mr. Ball, resulting in Mr. Ball's death. It also alleges that Plaintiff is a citizen of West Virginia, CSX has its principal place of business outside West Virginia, and the City and the Board of Education are political subdivisions pursuant to West Virginia law. *Id.* ¶¶ 1-4.

Under federal law, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).[1] For federal diversity jurisdiction to exist in this case, no Defendant may have the same state of citizenship as Plaintiff. The parties are in agreement that the amount in controversy in this case exceeds $75,000, that CSX is diverse from Plaintiff, and that the City and the Board of Education are non-diverse from Plaintiff. On the face of the Complaint, therefore, it appeared that federal diversity jurisdiction did not exist.

---

[1] A separate basis for federal jurisdiction exists when the case involves a federal question. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). This case, however, does not implicate federal question jurisdiction.

CSX filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441 on March 27, 2014, removing the case to this Court based on diversity jurisdiction. Notice Removal, ECF No. 1. CSX argued in the Notice of Removal that the City and the Board of Education had been fraudulently joined to the case and therefore their citizenship should be disregarded in the diversity analysis. *Id.* ¶¶ 9-14. The case was accordingly removed to this Court.

On April 14, 2014, Plaintiff filed the pending Motion to Remand, requesting this Court to remand the case to the Circuit Court because this Court lacks jurisdiction. Mot. Remand, ECF No. 6; Mem. Supp. Mot. Remand, ECF No. 7. Plaintiff also requests an award of costs and expenses incurred as a result of removal. Reply Mot. Remand 2, ECF No. 16. Each Defendant filed a Response in opposition to the Motion to Remand. City's Resp. Mot. Remand, ECF No. 13; CSX's Resp. Mot. Remand, ECF No. 14; Board's Resp. Mot. Remand, ECF No. 15. Plaintiff filed an omnibus Reply. ECF No. 16. The Motion to Remand is now ripe for resolution. Additionally, the Board of Education has filed a Motion to Dismiss. Mot. Dismiss, ECF No. 8; Mem. Supp. Mot. Dismiss, ECF No. 9. Plaintiff filed a Resp, ECF No. 12, and the Board of Education filed a Reply, ECF No. 17. The Motion to Dismiss is also ripe for resolution. Plaintiff, however, has filed a Motion to Stay consideration of the Motion to Dismiss pending resolution of the Motion to Remand. Mot. Stay, ECF No. 10; Mem. Supp. Mot. Stay, ECF No. 11. The Board of Education has filed a Response to the Motion to Stay. ECF No. 18.

Section II discusses the Motion to Stay. Section III analyzes the Motion to Remand.

## II. Motion to Stay

Plaintiff requests that resolution of the Motion to Dismiss be stayed pending resolution of the Motion to Remand. In a given case, a court should resolve a motion to remand before turning to resolution of a motion to dismiss. *McCoy v. Norfolk S. Ry. Co.*, 858 F. Supp. 2d 639, 642 (S.D.

W. Va. 2012) ("[I]t is ordinarily improper to resolve the motions to dismiss before deciding the motion to remand. The question arising on the motion to remand as to whether there has been a fraudulent joinder is a jurisdictional inquiry."); *see also Bilmar Ltd. P'ship v. Prima Mktg., LLC*, No. 2:13-cv-14391, 2013 WL 6195722, at *1 (S.D. W. Va. Nov. 27, 2013) (citing *McCoy* for that proposition). The Board of Education argues that the jurisdictional inquiry into fraudulent joinder requires consideration of the merits of Plaintiff's claims; that issue, however, will be addressed in the next Section. Based on the case law noted, the Court will resolve the Motion to Remand before turning to the Motion to Dismiss. Accordingly, the Motion to Stay is **GRANTED**.

### III. Motion to Remand

#### A. Legal Standard for Fraudulent Joinder

The case must be remanded back to the Circuit Court if this Court lacks jurisdiction over the case. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The existence of jurisdiction here hinges on whether the City and the Board of Education were fraudulently joined. As explained by the Fourth Circuit, fraudulent joinder exists when the removing party "demonstrate[s] either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (emphasis in original) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)). Furthermore, "the party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id*. The plaintiff's pleadings are treated with great deference at this point,

as "this standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6)." *Id*.

If the City and the Board of Education were fraudulently joined, then their citizenship is not considered in the diversity analysis; in that situation, diversity exists between the remaining parties and the case will remain before this Court. However, if there is a possibility of recovery against either the City or the Board of Education, then the case must be remanded to the Circuit Court.

### B. Discussion

CSX argues that there is no possibility that Plaintiff can recover against the City and the Board of Education—and that, therefore, the City and the Board of Education have been fraudulently joined—because neither the City nor the Board of Education owed Plaintiff's decedent a duty and because the City and the Board of Education are entitled to sovereign immunity under West Virginia law. Plaintiff, however, argues that there is a possibility of recovery against both the City and the Board of Education.

The Court is mindful of the statutory immunity provisions for political subdivisions found at West Virginia Code § 29-12A-4, as the parties have engaged is substantial discussion regarding the possible application of West Virginia's statutory immunity law. Based on the pleadings presented, the Court declines to find that, as a matter of law, Plaintiff has no possibility of recovery against the City and the Board of Education. Plaintiff has alleged negligence by the City and the Board of Education in addressing and protecting Plaintiff's decedent from the known danger presented by trains. Although it obviously remains to be seen whether Plaintiff actually recovers on its claims against the City and the Board of Education—and whether its claims against those Defendants would survive a motion to dismiss—the fraudulent joinder

standard is more favorable toward Plaintiff than the standard for dismissal. Although the Court may consider the merits of Plaintiff's claims to the extent necessary to resolve the jurisdictional issues presented by the motion to remand, *see Bilmar*, 2013 WL 6195722, at *4-7, the Court believes that Plaintiff has sufficiently presented a possibility of recovery against the City and the Board of Education. The issue of dismissal will be left to the Circuit Court. Plaintiff's Motion to Remand is **GRANTED**.

### IV. Conclusion

For the reasons explained above, Plaintiff's Motion to Stay is **GRANTED** and the Motion to Remand is **GRANTED**. This case is hereby **REMANDED** to state court. In accordance with 28 U.S.C. § 1447(c), this Court **ORDERS** Plaintiff to submit within fourteen (14) days of the entry of this Memorandum Opinion and Order an affidavit specifying costs and expenses incurred as a result of the removal. Defendant CSX, as the party that removed this case, will then have seven (7) days in which to file a response.[2]

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: May 9, 2014

ROBERT C. CHAMBERS, CHIEF JUDGE

---

[2] The Court notes that although the case is remanded to state court, this Court retains jurisdiction to award expenses and costs. *Watson v. Charleston Hous. Auth.*, 83 F. Supp. 2d 709, 711 (S.D. W. Va. 2000) ("Every circuit court of appeal that has considered this issue has concluded that a district court may award fees and costs after the case has been remanded to state court. A court maintains the jurisdiction to enter an award of fees and costs under 1447(c) after remand because the issue of fees and costs is a collateral [sic] to the merits of the underlying action.") (internal citations omitted).