IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RICHARD DWAYNE BALL, as
Administrator of the Estate of
JACOB DWAYNE BALL, deceased,

                Plaintiff,

v.                                      CIVIL ACTION NO.  3:14-13369

CSX TRANSPORTATION, INC.,
a foreign corporation,
CITY OF HURRICANE
a West Virginia political subdivision,
PUTNAM COUNTY BOARD OF EDUCATION,
a West Virginia political subdivision,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

For the reasons explained below, the Court **FINDS** that Plaintiff is not entitled to any costs and expenses incurred in relation to his Motion to Remand. Therefore, to the extent that the affidavits submitted by Plaintiff explaining costs and expenses incurred, ECF Nos. 22-25, can be construed as motions for expenses, they are **DENIED**.

On May 9, 2014, this Court entered a Memorandum Opinion and Order, ECF No. 19, which, inter alia, granted Plaintiff's Motion to Remand. The Court also ordered, in accordance with 28 U.S.C. § 1447(c), that Plaintiff submit within fourteen days of the entry of that Memorandum Opinion and Order an affidavit specifying costs and expenses incurred as a result of the removal. Plaintiff timely filed four affidavits—three from attorneys and one from a paralegal—detailing costs and expenses allegedly incurred relating to the Motion to Remand.

ECF Nos. 22-25. Defendant CSX Transportation, Inc. ("CSX"), filed a Response arguing that no costs and expenses should be awarded and that, alternatively, the affidavits submitted by Plaintiff overstated the costs and expenses incurred by Plaintiff. ECF No. 26. Plaintiff filed a Reply. ECF No. 29. The issue of whether Plaintiff is entitled to costs and expenses is now ripe for resolution.

The Court has discretion to order CSX to pay costs and expenses in connection with the removal and remand. 28 U.S.C. § 1447(c) (providing, in part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal"). "[A]n award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales[.]" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id*. at 140. In the end, reasonableness is the standard by which the request must be evaluated. *Id*. at 141. "Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*.

CSX's removal was premised on the argument that Plaintiff had no possibility of recovery against Defendants the City of Hurricane ("the City") and the Putnam County Board of Education ("the Board") and that, therefore, those two Defendants had been fraudulently joined. Without those two Defendants in the case, CSX argued, federal jurisdiction existed. Plaintiff's Motion to Remand argued that a possibility of recovery against those two Defendants existed and that, therefore, federal jurisdiction premised on fraudulent joinder was not proper. The parties'

pleadings regarding remand contained considerable argument regarding whether the City and the Board were protected from suit by immunity and whether the City and the Board owed a duty to Plaintiff's decedent. In its Memorandum Opinion and Order granting Plaintiff's Motion to Remand, the Court noted that the fraudulent joinder standard is more favorable toward Plaintiff than the standard for dismissal and that, in light of this standard and the arguments presented, Plaintiff sufficiently presented a possibility of recovery against the City and the Board.

Although the Court's analysis of the issue of fraudulent joinder was relatively brief, that brevity should not be taken to mean that CSX's arguments in favor of federal jurisdiction were meritless. Neither does the fact that remand was granted mean that CSX presented meritless arguments concerning federal jurisdiction. CSX believed that the City and the Board had been fraudulently joined, and in light of CSX's extensive arguments regarding immunity and the duties of cities and schools, it appears to the Court that CSX's belief was objectively reasonable. Also, its belief was not contrary to clear case law. Furthermore, there is no indication that CSX had some improper motive or purpose in seeking removal. Therefore, the Court **FINDS** that Plaintiff is not entitled to any costs and expenses incurred in relation to his Motion to Remand.[1] To the extent that the affidavits submitted by Plaintiff explaining costs and expenses incurred can be construed as motions for costs and expenses, they are **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:  August 22, 2014

        _____
        ROBERT C. CHAMBERS, CHIEF JUDGE

---

[1] Having made this finding, it is unnecessary for the Court to consider CSX's alternative argument that the amount of costs and expenses claimed by Plaintiff is excessive.

3